IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

**AHMED OLASUNKANMI SALAU,**

    **Petitioner,**

v.

                                       Case No. 1:15-cv-01248

**MICHAEL FRANCIS, Warden,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are two Amended Petitions for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which are identical (ECF Nos. 2 and 3)[1] and the petitioner's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 8). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## THE PETITIONER'S CLAIMS FOR RELIEF

The Amended Petitions assert that the petitioner was arrested on March 31, 2014, without probable cause, in violation of the Fourth Amendment. (ECF Nos. 2 and 3 at 1,

---

[1] The petitioner had another section 2241 petition pending in this court, *Salau v. Francis*, 5:14-cv-24978, in which he was challenging the revocation of his bond by the Circuit Court of Mercer County on May 19, 2014. On November 26, 2014, the petitioner filed a Motion to Amend Petition in that matter to raise the instant speedy trial claim. (ECF No. 12). At that time, Magistrate Judge R. Clarke VanDervort had already recommended that the petitioner's first section 2241 petition be denied. (ECF No. 9). On December 3, 2014, the petitioner filed a second copy of his Amended Petition, although it contained a later date below the signature line (12/2/14, instead of 11/25/14). Otherwise, the Amended Petitions appear to be identical. On January 14, 2015, the Honorable Irene C. Berger entered a Memorandum Opinion and Order (ECF No. 20) in which she adopted Magistrate Judge VanDervort's Proposed Findings and Recommendation, dismissed the petition contained in 5:14-cv-24978, and directed that a separate civil action be opened in the Bluefield Division to address the petitioner's Amended Petitions and other pending motions filed therewith. The instant civil action was opened and assigned to Senior Judge Faber.

¶ 1). The petitioner further contends that he was arraigned on April 1, 2014, at which time he moved for a speedy trial. (*Id.*, ¶ 2). The Amended Petitions further assert that the petitioner posted bond on April 12, 2014, but was not released for almost six (6) months.[2] (*Id.*, ¶ 3). The Amended Petitioner further states as follows:

> 4. The State **for no apparent reason** failed to present the matter to the June 2014 grand jury while the Petitioner was missing out on a McNair Research Scholarship and two Department of Energy internships while in jail;
>
> 5. The State deliberately waited until witnesses favorable to the Petitioner had moved away and evidence lost to present it to the October Grand Jury;
>
> 6. The State denied multiple motions for speedy trial which the Petitioner is constitutionally guaranteed;
>
> 7. The Petitioner sought a writ of prohibition in the State's highest Court to challenge the unconstitutional denial of speedy trial as guaranteed by both the due process clause of the 5th Amendment and the 6th Amendment of the United States Constitution and a rule was refused.
>
> 8. The Petitioner is in State custody in violation of the Laws of the United States; & [sic]
>
> **AND** the Petitioner prays for this Honorable COURT to ORDER his unconditional release from further prosecution by the State and any and all such ORDERS the COURT deems proper.

(*Id.*, ¶¶ 4-8).

## ANALYSIS

Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is ***in custody*** in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3) (emphasis added). Furthermore, the United States Constitution limits the

---

[2] The petitioner further asserts that, during this time, his apartment, which contained "a lot of evidence" was repossessed and potential witnesses moved out of the area.

jurisdiction of federal courts to actual cases or controversies that are present at all stages of review.  U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).  When a case or controversy no longer exists, the claim is said to be "moot."  In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance.  *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. Appx. 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 Fed. Appx. 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007).

On July 30, 2015, the undersigned's staff contacted the Clerk's Office for the Circuit Court of Mercer County and discovered that the criminal charges against the petitioner in *State of West Virginia v. Salau*, Case No. 14-F-310 were dismissed without prejudice on or about December 17, 2014, and that the petitioner was released from home confinement at that time.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's section 2241 petition is now moot in light of his release from custody and the fact that the charges upon which he was claiming to be denied a speedy trial have been dismissed.  Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the petitioner's section 2241 petition (ECF No. 2 and 3) and his Application to Proceed Without Prepayment of Fees and Costs (ECF No. 8), and **DISMISS** this civil action from the docket of the court.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner.

July 30, 2015

Dwane L. Tinsley
United States Magistrate Judge