```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT BLUEFIELD
```

AHMED OLASUNKANMI SALAU,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:15-01248

MICHAEL FRANCIS, Warden,

    Defendant.


## MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Tinsley submitted to the court his Findings and Recommendation on July 30, 2015, in which he recommended that the district court deny as moot plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus, deny as moot his application to proceed without prepayment of fees and costs, and dismiss this action from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a <u>de novo</u> review by this court.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989).  On July 31, 2015, plaintiff filed objections to the PF&R and, on August 10, 2015, he filed supplemental objections

(Docs. No. 12 and 14).  With respect to his objections, the court has conducted a de novo review.

Plaintiff's complaint herein arises out of his arrest on state charges in Mercer County, West Virginia, on March 31, 2014. Upon learning that the criminal charges against Salau had been dismissed on or about December 17, 2014, Magistrate Judge Tinsley recommended that the instant action be dismissed as moot.  See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (holding that a "collateral consequence" of conviction must exist after a prisoner's release in order for her to continue to maintain a challenge to his confinement).

Salau objects to the recommended dismissal of this action, arguing that he continues to suffer collateral consequences from his arrest because he has certain property that was seized at that time and that it has not been returned to him.

> Generally, a case becomes moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969).  Even if a case was live at its inception, an actual controversy must exist during all stages of litigation.  "This means that, throughout the litigation, the [petitioner] 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)).  Where the petitioner's sentence has expired, there must be "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." Id.  The Supreme Court has presumed that a wrongful criminal conviction has continuing collateral consequences. Id. at 8.  But the Supreme

> Court has refused to extend a presumption of collateral consequences to other areas, such as parole revocation. Id. at 14. Thus, where a petitioner does not challenge his or her underlying conviction(s), the suit's subsistence typically requires that continuing collateral consequences be proved. See id. at 8.

Via v. Clarke, Civil Action No. 7:13cv513, 2014 WL 2619904, *1 (W.D. Va. June 12, 2014).

As Magistrate Judge Tinsley noted, there was no criminal conviction herein as the criminal charges against Salau were dismissed without prejudice. Therefore, even assuming that the collateral consequences exception to mootness applies to a situation wherein a plaintiff is arrested but not convicted, plaintiff has not met his burden of showing collateral consequences stemming from his arrest that are properly addressed in a habeas proceeding. "[T]o the extent that petitioner seeks return of property seized by the police in conjunction with his arrest and prosecution, such relief is not available in a civil action seeking habeas corpus relief." Benoit v. Cain, Civil Action No. 6:09-2094, 2010 WL 897247, *1 (W.D. La. Mar. 9, 2010); Ameziane v. Obama, 58 F. Supp. 3d 99, 102 (D.D.C. 2014) ("A legal challenge to the government's confiscation and continued possession of petitioner's personal property is not a `proper claim for habeas relief.' While a `habeas petition is a vehicle capable of challenging the basis of a governmental restriction on a person's liberty,' it is `not capable of addressing private property rights.'"); Buchanan v. Johnson, 723 F. Supp. 2d 727, 732

-3-

(D. Del. 2010) ("As an initial matter, to the extent claim three seeks the return of any seized property in connection with petitioner's arrest, petitioner has failed to assert an Issue cognizable on federal habeas review."); <u>Olajide v. B.I.C.E.</u>, 402 F. Supp. 2d 688, 695 (E.D. Va. 2005) (holding that Nigerian national's allegation that immigration officials stole his personal property was not cognizable in § 2241 habeas proceeding); <u>see also</u> <u>Schoonover v. Merrelli</u>, No. 08-10072, 2008 WL 624064, *1 (E.D. Mich. Mar. 6, 2008) ("The proper remedy for recovery of property seized as evidence in a criminal case is to file a motion in the trial court for return of property."). To the extent that Salau argues his property was seized improperly, his recourse would be to file a motion for return of property pursuant to West Virginia Rule of Criminal Procedure 41(e). Or, if appropriate, he could file a federal civil rights action based upon the allegedly unlawful seizure. However, his claim is not one properly considered under the habeas statute. For all these reasons, Salau's objection is **OVERRULED**.

Furthermore, insofar as Salau contends that this court should consider his case on the merits because he "could still be facing charges stemming from the same set of facts," he does not have standing to pursue such a claim.

> The speculative nature of the injury at issue – future unlawful custody – implicates yet another justiciability doctrine: petitioner's standing to pursue the habeas petition. Standing requires that the petitioner suffer a concrete and particularized injury,

-4-

>one that is "actual or imminent, not `conjectural' or `hypothetical'."

Isenbarger v. Farmer, 463 F. Supp. 2d 13, 22 n.4 (D.D.C. 2006) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); see also Toolasprashad v. Grondolsky, 570 F. Supp. 2d 610, 635 (D.N.J. 2008) (challenges based on hypothetical future developments are speculative and not cognizable in habeas review since "the language of [the habeas statute] is set forth in present rather than in future terms, i.e., it reads: 'The writ of habeas corpus shall not extend to a prisoner unless . . . he is [rather than will be] in custody in violation of the Constitution or the laws or treaties of the United States' ") (internal citation omitted)). Based on the foregoing, plaintiff's objection concerning his hypothetical future incarceration is **OVERRULED**.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Tinsley, the court hereby **OVERRULES** plaintiff's objections and adopts the findings and recommendations contained therein. Accordingly, the court hereby **DENIES** as moot plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus, **DENIES** as moot plaintiff's application to proceed without prepayment of fees and costs, **DISMISSES** this petition under 28 U.S.C. § 2241, and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A

certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court DENIES a certificate of appealability.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

IT IS SO ORDERED this 10th day of March, 2016.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge